IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NOVARTIS PHARMACEUTICALS CORPORATION and NOVARTIS AG, | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 14-1043-RGA |
| BRECKENRIDGE PHARMACEUTICAL, INC., | : | |
| Defendant. | : | |
| NOVARTIS PHARMACEUTICALS CORPORATION and NOVARTIS AG, | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 14-1196-RGA |
| ROXANE LABORATORIES INC., | : | |
| Defendant. | : | |
| NOVARTIS PHARMACEUTICALS CORPORATION and NOVARTIS AG, | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 14-1289-RGA |
| PAR PHARMACEUTICAL INC., | : | |
| Defendant. | : | |

## MARKMAN ORDER

Pending before the Court is the Joint Claim Construction Brief. There is one disputed term and two agreed-upon terms. The Court adopts the two agreed-upon terms. The disputed term is "synergistically effective amounts." I do not think oral argument is necessary, as the Brief fully and clearly sets forth the parties' respective positions.

I am going to adopt Plaintiffs' proposed construction. I think the inventors acted as their own lexicographer. *E.g.,* '518 patent, col. 5, lines 34-45. The phrase "synergistically effective amounts" is set off in quotation marks, and the inventors state that the phrase "is meant" to mean one thing, and also "may mean" another thing. I think this makes it clear that the inventors meant to limit the disputed phrase to the two described things.

The key root word in this dispute is "synergistic." The parties agree that a POSITA would understand that the plain and ordinary meaning of synergistic is "more than additive." The only reason to set forth what appears to be definitional material would be to distinguish its use in the patent from that plain and ordinary meaning.

The more limited lexicographic definition of the disputed phrase is consistent with the rest of the specification. For example, the specification sets forth the "surprising[] discover[y]" "that effective immunosuppression is seen upon co-administration at dosages which would be well below the effective dosages individually." *Id.*, col. 2, lines 38-44.

I do not interpret "at or below effective dose" in the proposed construction to be the same as "at or below the minimum effective dose." Thus, I do not think that Plaintiffs have added an unwarranted additional limitation. *(See* Jt. Cl. Constr. Br., pp. 21-22).

I also do not think the *Butamax* case[1] helps defendants. *Butamax* is really about interpreting what was meant by the definition, not whether there was a definition in the first place. Here the question is, is there a definition? If there is, and I think there is, there is no question that it is more limited than the plain and ordinary meaning of the disputed phrase.

Thus, I construe "synergistically effective amounts" as meaning, "amounts which are individually equal to or below their respective effective dosages for the relevant indication and which together have a more than additive effect."

IT IS SO ORDERED this 6 day of October 2015.

*Richard G. Andrews*
United States District Judge

---

[1] *Butamax Advanced Biofuels LLC v. Gevo, Inc.*, 746 F.3d 1302 (Fed. Cir. 2014), *vacated on other grounds*, 135 S.Ct. 1173(2015).